Filed 5/21/21  P. v. Delte CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PAUL JOAQUINE DELTE,<br><br>     Defendant and Appellant. | H047463<br>(Santa Clara County<br>Super. Ct. No. C1903541) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Paul Joaquine Delte pleaded no contest to possessing metal knuckles (Pen. Code, § 21810) in 2019, and admitting a prior prison term allegation (Pen. Code, § 667.5, subd. (b)).  (Details of the offense are not in the record because defendant waived a full probation report.)  Imposition of sentence was suspended and defendant was placed on formal probation for three years.  The trial court imposed a $300 restitution fine with what appears to be an authorized 10 percent collection fee (Pen. Code, § 1202.4, subd. (b), (*l*)); a suspended $300 probation revocation fine (Pen. Code, § 1202.44); a court operations assessment of $40 (Pen. Code, § 1465.8, subd. (a)(1)); a court facilities assessment of $30 (Gov. Code, § 70373); and a criminal justice administration fee of $129.75 to the arresting agency (Gov. Code, §§ 29550–29550.3).

Defense counsel asked the trial court to "stay any fines and fees pursuant to the Duenas decision" at the hearing where defendant was placed on probation. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) Counsel noted at the time that defendant lived paycheck to paycheck, had been unemployed for three weeks, had other financial obligations including child support, and that the weather reduced prospects for construction work. The trial court denied the request, stating "I'm not going to do that as long as he's employed. ... He's got three years to pay those fines and fees, and it's not all that much."

Defendant's appeal challenges the fines and fees under two federal constitutional theories: due process as discussed in *Dueñas*, and the excessive fines clause of the Eighth Amendment to the United States Constitution.

The trial court implicitly found that defendant had the ability to pay the statutory minimum fines and fees imposed. Though defense counsel stated defendant had been unemployed for three weeks and that construction business was slow due to the weather, there was no indication defendant would not find new employment. The court also observed that defendant would have three years to pay the fines and fees. We therefore need not decide the constitutional issue addressed in *Dueñas*, which we note is pending before the California Supreme Court in *People v. Kopp*, review granted November 13, 2019, S257844, and is the subject of conflicting views among the appellate courts and within this very court.

As to the Eighth Amendment argument, defendant did not object on that basis in the trial court and has therefore forfeited the issue. (See *People v. McCullough* (2013) 56 Cal.4th 589, 592–593 [constitutional challenge to booking fee forfeited]; *People v. Baker* (2018) 20 Cal.App.5th 711, 720 [Eighth Amendment challenge to sentence forfeited].) Even if the Eighth Amendment challenge had been preserved, we find the trial court's imposition of the statutory minimum fines was not grossly disproportionate to the gravity of defendant's offense, considering the relevant factors including ability to

pay. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1070 [factors to determine if a fine is excessive in violation of the Eighth Amendment are " '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.' "].)

## DISPOSITION

The order granting probation is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

H047463 - *The People v. Delte*